## WILLIAM O'BLENIS v. STATE.

On indictment for rape, evidence of the bad character for chastity of the prosecutrix, before the commission of the alleged offence, is admissible.

On error to Bergen Sessions.

Argued at February Term, 1885, before Justices KNAPP and PARKER.

For the plaintiff in error, *P. W. Stagg.*

For the state, *A. D. Campbell,* Prosecutor of Pleas.

The opinion of the court was delivered by

PARKER, J. This case, by agreement, was heard in the branch court.

William O'Blenis was indicted and convicted of the crime of rape on Eliza O'Blenis. The case of the state rested mainly upon the testimony of the prosecutrix.

A witness produced on behalf of defendant was asked to testify as to the general reputation of the prosecutrix for chastity. The court ruled the question irrelevant and unlawful. The ground of objection was not to the form of the question, but to the character of the evidence sought to be introduced. The assignment of error presents the question whether, on an indictment for rape, the general reputation of the prosecutrix for chastity may be proved in defence.

Of course it would not amount to justification to prove that the prosecutrix was of unchaste character. Such a person is under the protection of the law against violence. But as the evidence of this crime commonly rests upon the testimony of the prosecutrix, and as force is essential to its consummation, evidence of her general reputation for chastity is regarded as relevant and competent as bearing on the question

of consent. General bad character for chastity of the person alleged to have been injured may be given by the defendant, as a fact throwing doubt on her statement that the connection was against her will. Although the person alleged to have been ravished be a competent witness, yet the credibility of her testimony must be left to the jury, in view of the circumstances proved, among which is her general character, bearing upon the nature of the offence in question. Where the character of the prosecuting witness is mingled with the transaction in question, it forms a point material to the issue, and may consequently be inquired into. Thus, in case of an indictment for rape, evidence that the woman had a bad character for virtue, before the commission of the alleged offence, is admissible. *Roscoe's Crim. Ev.* 88. See, also, *Archb. Crim. Prac. & Plead.* 1010; 3 *Stark. Ev.* 951.

The court erred in excluding the testimony offered, and, therefore, the judgment should be reversed and a new trial awarded.